UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

BARBARA TISDALE,
             *Defendant-Appellant.*

No. 02-4927

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Senior District Judge.
(CR-02-250-S)

Submitted: October 20, 2003

Decided: November 13, 2003

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Christopher M. Davis, Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Thomas M. DiBiagio, United States Attorney, A. David Copperthite, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Barbara Tisdale appeals her conviction on one count of conspiracy to import cocaine, 21 U.S.C. § 963 (2000). We find that the district court properly denied Tisdale's motions to suppress her confession. We therefore affirm.

We review de novo whether a confession was voluntary, "accepting 'the district court's findings of fact on the circumstances surrounding the confession . . . unless [those findings are] clearly erroneous.'" *United States v. Braxton*, 112 F.3d 777, 781 (4th Cir. 1997) (quoting *United States v. Pelton*, 835 F.2d 1067, 1072 (4th Cir. 1987)). In making our ultimate determination of voluntariness, we look to the totality of the circumstances surrounding the confession. The critical issue is "whether [the] defendant's will has been overborne or [her] capacity for self-determination critically impaired." *Id.* at 781.

The district court did not err in concluding that Tisdale's statement was voluntary. The record confirms that the customs agents made no promises or threats to Tisdale and that Tisdale had been questioned for approximately a half-hour when she confessed. The district court's finding that Tisdale was not heavily medicated at the time of the interview was supported by testimony in the record and was not clearly erroneous. At most, the circumstances of the interview amounted to intimidation, which is insufficient to find that the agents coerced Tisdale to the point that her will was overborne. Accordingly, accepting the district court's factual conclusions as true and viewing the evidence in the light most favorable to the Government, Tisdale's motion to suppress was properly denied.

The district court also did not err when it denied Tisdale's renewed motion to suppress. The record supports the district court's conclusion that agent Dixon's statement was not an implied promise that rendered Tisdale's admission involuntary. A law enforcement officer's admonition to a suspect during an investigatory interview to tell the truth or face consequences is not an implied promise of nonprosecution. *Braxton*, 112 F.3d at 782. Because agent Dixon's statement was an accurate representation of Tisdale's predicament, it was

not sufficiently coercive to render Tisdale's statement involuntary. *Pelton*, 835 F.2d at 1073. Our review of the record convinces us that the setting of the interview in the agents' vehicle was not unduly coercive. Accordingly, under the totality of the circumstances test, Tisdale's will was not so overborne or her ability to make her own decisions so critically impaired that her confession was rendered involuntary.

For these reasons we affirm Tisdale's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*